UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 08-CV-60706-JORDAN/MCALILEY**

EMMELINE DETHOMAS,

    Plaintiff,

vs.

COMMERCIAL RECOVERY
SYSTEMS, INC.,

    Defendant.
_____/

**DEFENDANT, COMMERCIAL RECOVERY SYSTEMS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, the Defendant, **COMMERCIAL RECOVERY SYSTEMS, INC.**, by and through its undersigned counsel, and hereby file this its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

**PRELIMINARY STATEMENT**

1. Admitted for the purposes of claim identification, jurisdiction, and venue only; otherwise denied;

**PARTIES**

2. Admitted for purposes of jurisdiction and venue only; otherwise denied.

3. Admitted to the extent that Defendant is a "debt collector"; otherwise denied;

4. Admitted;

**COUNT I-FDCPA**

5. Defendant incorporates its response to Paragraphs 1 through 4 above as if fully stated herein;

6. Unknown at this time; therefore denied;

7. Admitted;

8. Denied; Defendant demands strict proof thereof;

9. Denied; Defendant demands strict proof thereof;

10. Denied; Defendant demands strict proof thereof;

11. Denied as to each and every part and sub-part; Defendant demands strict proof thereof;

12. Denied; Defendant demands strict proof thereof;

13. Denied; Defendant demands strict proof thereof;

14. Denied; Defendant demands strict proof thereof;

## AFFIRMATIVE DEFENSES

First Affirmative Defense

1. Defendant affirmatively alleges that the alleged actions of the Defendant, and its agents and employees are protected by the "bona fide error" defense pursuant to Fair Debt Collection Practices Act and Florida's Consumer Collection Practices Act since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide error* notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an error.

Second Affirmative Defense

2. Defendant affirmatively alleges that it is not liable for the actions or inactions of other Defendants, and its agents and employees, since such parties are independent contractors and thus not vicariously liable under Florida law.

Third Affirmative Defense

3. Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Fourth Affirmative Defense

4. Defendant affirmatively alleges that the claims are barred by laches.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on the **May 16, 2008**, with the United States District Court, Middle District of Florida by using CM/ECF system, which Notice will be electronically mailed to: Alex D. Weisberg, Esquire, c/o Weisberg & Meyers, LLC, 9369 Sheridan Street, Suite 656, Cooper City, Florida 33024.

    /s/ Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
BELL, ROPER & KOHLMYER, P.A.
2707 East Jefferson Street
Orlando, Florida   32803
(407) 897-5150
(407) 897-3332 (fax)
Skohlmyer@bellroperlaw.com
Attorneys for Defendant